IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JEREMY ALEXANDER MIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| MYHRSCREENS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Plaintiff Jeremy Alexander Mikel respectfully shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual and resident of the City of Albany, in Dougherty County, Georgia. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

2. Defendant is a company that provides online employment screening services and is headquartered in Madison County, State of Mississippi. Defendant transacts business in the State of Georgia, including, *inter alia*, selling consumer reports to businesses located in Georgia about consumers who are residents of Georgia. Defendant may be served with process by serving its registered agent, Chris Cooley, at 401 Legacy Park, Suite B, Ridgeland, Mississippi 39157.

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include an employment applicant's criminal history. As such, Defendant is a consumer reporting agency under 15 U.S.C. § 1681a(f), and the reports it produces are consumer reports under 15 U.S.C. § 1681a(d).

6. In May 2023, Plaintiff applied for a job with Mid Georgia Courier in Forest Park, Georgia.

7. Plaintiff had a conditional job offer with Mid Georgia Courier, on the basis that he pass a background check.

8. On or about May 30, 2023, Defendant completed an employment background check report on Plaintiff and sent it to Plaintiff's prospective employer. The background check report was a consumer report under the FCRA.

9. In that report, Defendant disclosed outdated and incorrect criminal

history on Plaintiff, by reporting multiple charges on Plaintiff's report that were previously granted a Warrant Dismissal.

10. Specifically, Defendant reported five charges from Dougherty County in the State of Georgia, two of which are charges of Forgery – 4th Degree, one charge of Printing, Executing, Negotiating Checks, Drafts, etc. knowing information is in error or fictitious, and two charges of Theft by Taking.

11. All the aforementioned charges were never processed, as they were granted a Warrant Dismissal on the basis that, "Although there appears to have been sufficient evidence to issue a warrant, there is insufficient evidence to prove the case beyond a reasonable doubt." This warrant was signed and filed June 7, 2022.

12. Despite the fact that the charges against Plaintiff were dismissed, Defendant's consumer report about Plaintiff states that the disposition is "pending" for all charges stated.

13. Under the FCRA, Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported about Plaintiff in its consumer report. Failing to ensure updated and accurate information is a clear violation of the statute.

14. Defendant did not have defined processes to verify the accuracy and current status of the public records information in the consumer report it provided

to Mid Georgia Courier, because information related to Plaintiff's criminal records is a matter of public information and is verifiable through the publicly available records in the State of Georgia.

15. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes is accurate and/or up to date.

16. As a direct result of Defendant's failure to verify public records and including inaccurate and outdated information in the consumer report it prepared regarding Plaintiff, Plaintiff was denied employment with Mid Georgia Courier.

17. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the loss of employment.

18. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

FIRST CAUSE OF ACTION – Violation of 15 U.S.C. § 1681(e)(b)

19. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681(e)(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the consumer report it provided to Mid Georgia Courier.

20. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure up to date information with public records information is insufficient to assure maximum possible accuracy of the criminal history information reported.

21. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

22. As a direct result, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraphs 16-18 above in an amount to be proven at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

23. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681(e)(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

24. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681(e)(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

25. Plaintiff is also entitled to recover his costs of this action and reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

26. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C.

§ 1681e(b) were negligent.

SECOND CAUSE OF ACTION – Violation of 15 U.S.C. § 1681k(a)

27. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681k(a):

a. By failing to notify Plaintiff that Defendant was reporting public record information about Plaintiff in compliance with 15 U.S.C. § 1681k(a)(1); and,

b. By failing to maintain strict procedures designed to insure that the public record information in the consumer report it prepared regarding Plaintiff, which was likely to and did have an adverse effect on Plaintiff's ability to obtain employment, was complete and up to date in compliance with 15 U.S.C. § 1681k(a)(2).

28. Defendant's conduct was willful and/or reckless because it had actual knowledge of its obligations under 15 U.S.C. § 1681k(a) and that its failure to comply with those obligations was likely to have an adverse effect upon Plaintiff's ability to obtain employment.

29. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

30. As a direct result, Plaintiff has suffered and is entitled to recover actual damages as alleged in Paragraphs 16-18 above in an amount to be proven

at trial as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

31. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681k(a), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

32. As a result of Defendant's reckless and willful violations of 15 U.S.C. § 1681k(a), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

33. Plaintiff is also entitled to recover his costs of this action and reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

34. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

2. For interest upon such damages as permitted by law;

3. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

4. For the costs of the lawsuit; and

- 8 -

5.     For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

This 12th day of February 2024

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102 |
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br>*Pro Hac Vice Application forthcoming*<br><br>*Counsel for Plaintiff* |